Opinion of the Court.
THIS was an action of trespass, assault and battery, brought in the circuit court by Ralls against Peebles. An issue was there made up between the parties, and a verdict and judgment recovered by Ralls. A *25 new trial was moved for by Peebles, but refused by the court ; and the only question for the decision of this court, involves an inquiry into the correctness of the refusal to award a new trial.
Where, on an application for a new trial, the party shows that he could have obtained a continuance, if he had been present, and sufficiently accounts for his absence, a new trial ought to be granted.
*25 It appears that Peebles was not present at the trial, and his motion for a new trial was predicated on the facts contained in his affidavit, which is made part of the record by bill of exceptions. The affidavit, in substance, states, that on Tuesday, the day before the trial was had, the daughter of Peebles was at the point of death, in Bath county, so that he could not leave her to attend to the suit and procure a continuance ; that Robert Morrow, John Peebles, jun. Jared Erwin and George Hawkins, (all of whom were summoned as witnesses, a reasonable time before the trial,) are material witnesses for him in his defence ; that said Jared Erwin, owing to the sickness of his wife, (the appellant’s daughter,) could not attend ; that said Morrow could not attend, owing to his having an appointment to execute a survey on the east side of Licking river, under an order of court, and owing to other appointments of a similar nature, he being surveyor of Bath county ; and that he, the affiant, was informed by said Morrow, before the trial, that, owing to those appointments, he could not attend the trial ; that John Peebles, jun. was in Fleming county, and could not attend, owing to high waters. The affiant, Peebles, moreover states, that he expects to prove by those persons named, that at the time the battery sued for was committed, he used no more force than was necessary to protect his possessions, and which by law he had a right to use; and that he further expects to prove by them, that the facts sworn to by Rafferty and Barker, (Ralls’ witnesses,) are not true, as fully and conclusively as to entitle him to a verdict; and he, the affiant, and all his witnesses, live in Bath county.
1. If, in his affidavit, Peebles has shown a sufficient apology for not attending the trial, and failing to apply for a continuance, a new trial should most indisputably have been awarded ; for he has not only shown that he had, previous to the trial, exercised proper vigilance, in causing his witnesses to be summoned, but he has moreover alleged in his affidavit, the materiality of their evidence for his defence, and *26 given satisfactory reasons for their failure to attend the trial.
A father or husband is not bound to abandon a child or wife in time of sickness and apprehended death, either to attend the trial of a civil suit, or to make application for a continuance of it.
2. And that Peebles has made out a good excuse for his non-attendance at the trial, and not causing an application to be made to the court for a continuance, we apprehend, is equally clear. It is, no doubt, incumbent on all suiters, to be vigilant in preparing and attending on the trial of their causes ; and after a verdict against any, his negligence should never form a ground for overturning the verdict and awarding a new trial. But, in deciding on the diligence necessary to be observed by suiters, we should not altogether lose sight of the sympathies of our nature, and require a father or husband to abandon his child or wife, at the moment of apprehended death, for the purpose of attending the trial of a pecuniary contest. It has been frequently said, there is no necessity for those so unfortunate as to be involved in litigation, to abandon all other pecuniary matters, for the purpose of preparing their cause for trial ; and it would be strange, if, after suit brought, all the social and relative duties should yield and give way to the necessity of attending the trial. Such, we do not however suppose, is required by the rules of law ; and as Peebles appears to have been prevented from attending the trial, by the indisposition of his daughter, his failure to attend and apply for a continuance, ought rather to be ascribed to an unavoidable necessity, than any lack of diligence in the management of his cause.
A new trial should, therefore, have been awarded, and the judgment must consequently be reversed with costs, the cause remanded and further proceedings had in the circuit court, not inconsistent with this opinion.