Judge Trimble
delivered the opinion of a special court, constituted by consent of parties, of himself and Judge Davivqb.
THIS was an action of assumpsit, brought by Dur~ rettagainst Stewart and M’Murtry, for goods, wares and merchandize sold and delivered.
Stewart appeared by attorney,and pleaded, 1st, non assumpsit; 2d, “ that' the said goods, wares and mer-0handizc, as stated in said declaration, were sold and ¿e¡¡vereq [jy said plaintiff to said defendant, as articles charged in a store account, and that he did not undertake and promise, in manner and form as aforesaid,, within twelve months next after the delivery of such goods, wares and merchandize.” Issues to the country were made up on the pleas, and a jury were sworn to try the issues as to Stewart, and to enquire of damages as to M’Murtry.
During the progress of the trial, and after the plaintiff had gone through his evidence, Stewart’s counsel moved the court to instruct the jury, “that if they believed from the evidence in the cause, that there had been twelve months since the creation of the account or assumpsit, or promise to pay, then the law was for the defendant.” The court refused to give the instruc tion, and the counsel excepted.
A verdict and judgment being rendered for the plaintiff, Stewart’s counsel moved the court tor a new trial on affidavits filed. The motion was overruled, the counsel excepted, and the defendants have brought the case before this court by writ of error.
The material questions in the cause, grow out of the exceptions taken to the decisions of the court below, in refusing to give the instructions asked for, and in overruling the motion fora new trial.
Plea that the a^neroh-mt°sr account^ and that the de-within’ twelve months J)ext is insufficient, issua lmmato"'
The limiia-°°m-thefoniM-he cause of action accrued ment of suit.
a t;legroun(i óí the absence i'tíT’nf’ and that the party was prevented attend-fofa^ontinu* ¿nee, by indisposition, witnesseshaa sum-not!
The solution of the first question involves an inquiry into the validity of the second plea. The 5th section of the act of 1796, entitled “an act to reduce into one the several acts or parts of acts concerning the limitation of actions,” provides “that all actions or suits, founded upon account for goods, wares and merchandize sold and delivered, or for any article charged in a store account, shall be commenced and sued within twelve months next after the cause of action or suit, or the delivery of such goods, wares and merchandize, and not after.” 2 Dig. L. K. 861, 1 Litt. 380. A slight attention to this clause of the statute, will show that the second plea is insufficient to bar the action. u le requires that the suit should be brought within twelve months next after the cause of action or ry of the goods; but it does not require that there should be a promise to pay within twelve months after the delivery. As, therefore, the plea does not allege that the suit was not brought within the time prescribed by law, the court below could not have erred in refusing to give the instruction asked for by the defendant.
There is another ground upon which the asked for was properly refused. If the suit was .brought within twelve months next after the cause of action accrued, the action would not have been barred by the statute, although twelve months might have elapsed before the trial of the cause.
The grounds relied on by Stewart for a new trial, were, the absence of his witnesses, and his having been prevented from attending the trial by sickness; and be case of Peebles vs. Ralls, 1 Litt. Rep. 24, has been relied on as an authority to prove that the affidavit Stewart was sufficient to entitle him to a new trial in the court below. There is, however, an important difference between the affidavit made by Peebles and made by Stewart. Peebles states that his witnesses had been summoned a reasonable time before the trial; that they were material for his defence; that they had failed to attend; and that he was by the sickness of his daughter, who was lying at the point of death, from attending to the suit, and fora continuance. He, therefore, showed by his davit, that he had sufficient grounds for a continuance *124 of the cause; but 'that he had been prevented, by the sickness of his daughter, from attending and procuring a continuance. But in this case, Stewart does not allege, in his affidavit, that he had even obtained subpoenas for his witnesses, nor has he assigned any reason why he has failed to do so. It is true, he states that he would have been ready for trial, had it not been for his sickness; but the facts disclosed in the affidavit, do not show that he had been prevented by sickness from obtaining subpoenas for his witnesses, or from taking the necessary measures for preparing the cause for trial.
Triplettt for plaintiff,.
The judgment must be affirmed with costs.