## McCutcheon's Adm'r v. Dean.

(Decided Dec. 2, 1932.)

MORTON K. YONTS, HARRY L. HARGADON, and W. T. McNALLY for appellant.

L. R. CURTIS and GROVER SALES for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Harry E. McCutcheon, as administrator of William E. McCutcheon, brought this action on August 27, 1929, against Dr. Walter Dean to recover $25,570.70 for the death of his intestate, which was caused as he alleged by reason of the negligence of the defendant. The de-

fendant filed answer on January 27, 1930. The plaintiff filed reply on February 21, 1930. The case was set for trial on May 21, 1930. On May 21, the case was, by agreement, reassigned to June 23. On June 2C, on motion of defendant and by consent, the case was reassigned to November 17, for trial. On November 17, on motion of plaintiff, by counsel and by consent the action was reassigned to December 9 for trial. On December 9, the plaintiff, by counsel, moved the court for a continuance of the case and filed his affidavit and the affidavit of his attorneys in support of the motion. The court overruled the motion for a continuance, to which the plaintiff excepted, and declined to proceed with the hearing of the action. Thereupon the court dismissed the action, and the plaintiff appeals.

In his affidavit for a continuance the plaintiff stated these facts: His wife, Anna McCutcheon, was then seriously ill and confined to her room under the care of a physician; that he could not be present at the trial, and he had been instructed by the doctor to remain in constant attendance on his wife and also instructed as to what measures to take in the event of a sudden change in her condition; that his family consisted of himself and his wife; and that there were no other persons in the family.

The attorneys filed their affidavit stating that the plaintiff had been instructed by the doctor to remain in constant attendance on his wife and could not therefore be present during the trial of the action; that the plaintiff had information regarding the testimony of certain witnesses who had recently come into the case, and they were informed that these witnesses, who were unknown to them personally, would testify to facts concerning physical condition of William E. McCutcheon, the son of plaintiff, before and after the operation set out in the petition and testify as to statements made to them by the defendant herein, also as to the conduct of the defendant in the treatment of said William E. McCutcheon, and that without the constant advice and assistance of the plaintiff throughout the trial of the action they would be unable to proceed with the trial of the case.

They filed with their affidavit the affidavit of the doctor who was treating Mrs. McCutcheon, stating that she was suffering from rheumatoid arthritis and was at

this time in a serious condition; that it was necessary that some adult person be in attendance on her at all times, because of her present state of health; and that the only other member of the household was the plaintiff and that he had been advised by the affiant to remain in constant attendance on his wife during her present illness and had been instructed by the doctor what to do in the event of a sudden change. No other affidavits filed.

The question presented by the record is: Did the court err in overruling the motion for a continuance on the above facts? In Peebles v. Ralls, 1 Litt. 24, 26, Peebles was not present at the trial and sought a new trial on the ground that he was detained at home by the sickness of his daughter. No motion for continuance had been made. The court said:

> "It has been frequently said, there is no necessity for those so unfortunate as to be involved in litigation, to abandon all other pecuniary matters, for the purpose of preparing their cause for trial; and it would be strange, if, after suit brought, all the social and relative duties should yield and give way to the necessity of attending the trial. Such, we do not however suppose, is required by the rules of law; and as Peebles appears to have been prevented from attending the trial by the indisposition of his daughter, his failure to attend and apply for a continuance ought rather to be ascribed to an unavoidable necessity, than any lack of diligence in the management of his cause."

In Harrod v. Hutchinson (Ky.) 105, S. W. 365, 366, 32 Ky. Law Rep. 3, Harrod was sick and a continuance was refused; granting a new trial, the court said:

> "Of course, we recognize the right of appellee to have her case tried as speedily as possible; but it is better that her right to a trial should be deferred for a while than the defendant should be cut off from his right of defense altogether, and this result constitutes the basis of his complaint. We think under the circumstances, the trial court should have granted the continuance, and that his failure to do so was an error which resulted in the defendant's being denied the right to be heard in his defense."

In Langdon-Creasy Co. v. Rouse, 139 Ky. 647, 652, 72 S. W. 1113, 1115, 24 Ky. Law Rep. 2095, Ann. Cas. 1912B, 292, where the party was detained at home by the sickness of his mother, the court sustaining the same conclusion said this:

"Besides, we think it is apparent that the presence of appellant before the jury to explain these facts would have been very much more effectual than the mere affidavit of his attorney. And it seems to us that the dying condition of his mother was a good cause for his nonattendance at the trial. As said by this court in Peebles v. Ralls, 11 Ky. (1 Litt.) 24, 26, in deciding the diligence necessary to be observed by suitors: 'We should not altogether lose sight of the sympathies of our nature, and require a father or husband to abandon his child or wife at the moment of apprehended death for the purpose of attending the trial of a pecuniary contest.' "

In Hollis v. Watson (Ky.) 89 S. W. 548, 28 Ky. Law Rep. 550, the action had been on the trial docket for four years. The appellant was sick and a continuance was refused. Reversing the judgment the court said:

"Whatever may have been the grounds of previous continuances, appellant was entitled to be present at the trial of his case, if possible, and was not responsible for the misfortune which had overtaken him which prevented his attendance."

The right of a litigant in a civil case to be present at the trial and to meet the witnesses face to face has long been recognized in the law. The attorneys are handicapped if the client is absent. He has the right to be present in person as well as by counsel and so direct his own case. This important right was denied here, and the right is the same in a suit brought by one as administrator as in any other action. The plaintiff was not obliged to neglect his sick wife in order to attend the lawsuit. A man's first duty is to his wife under such circumstances as are shown here, and if he had left his wife and gone to the courthouse, under the evidence, clearly it would have been a breach of his duty to his wife. Under the facts, therefore, the motion for a continuance should have been sustained. It was

not necessary for the plaintiff to set out in his affidavit the facts he would testify to if present. He had the right to be present and direct his case. The denial of this right is the denial of a fair trial.

It is insisted for the appellee that on the motion for a new trial some additional evidence was offered by the doctor, who stated that McCutcheon might have left his wife in the hands of a nurse and gone to court. But this is not conclusive. He did not have a nurse for her and he stayed with his wife, thinking it his duty to do so. A man who had proper regard for his wife would not be in condition, under the facts shown, to protect properly his interest in the trial of the case, and he was not required to forget his wife's need of his presence under such circumstances.

Judgment reversed, and cause remanded for a new trial.